# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE | * |
| | *    Case No. 24-00250-ELG |
| **DANIELLE PENNINGTON,** | *    Chapter 7 |
| | * |
| Debtor. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **FIRST HAND LAND, LLC** | * |
| | * |
| | * |
| Movant, | * |
| | * |
| v. | * |
| | * |
| **DANIELLE PENNINGTON,** | * |
| | * |
| Debtor/Respondent, | * |
| | * |
| **WILLIAM D. WHITE,** | * |
| | * |
| Chapter 7 Trustee/ Respondent | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION FOR RELIEF FROM STAY TO PROCEED
### WITH SUPERIOR COURT EVICTION ACTION; AND
### REQUEST TO IMPOSE IN REM RELIEF AND/OR EQUITABLE SERVITUDE TO
### PREVENT ANY FUTURE BANKRUPTCY FROM STAYING EVICTION OF
### <u>DEBTOR AND OTHER OCCUPANTS</u>
### (4908 Quarles St., NE, Washington, DC 20019)

First Hand Land, LLC ("Movant"), by and through its undersigned attorneys, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. §§ 362 (d)(1) and (d)(2), and Federal Rule of Bankruptcy Procedure 4001, to enforce its rights and remedies with respect to the certain real property located at 4908 Quarles St., NE, Washington, DC 20019 (the

---

<div style="border-top: 1px solid; width: 200px;"></div>

Justin P. Fasano, Fed Bar No. MD21201
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770
(301) 441-2420
jfasano@mhlawyers.com
*Attorneys for First Hand Land, LLC*

"Property")[1], and seeks an order pursuant to 11 U.S.C. §§ 105 and 362(d)(4) preventing any future bankruptcy from staying the eviction of the Debtor Danielle Pennington (the "Debtor") or any other person or entity occupying the Property. In support of its Motion, Movant states as follows:

## Introduction

The Debtor is the *former* owner of the Property. Although the Property was foreclosed in 2018, the Debtor still lives in the Property. Movant recently purchased the Property from the foreclosing lender, using expensive private lending. The Debtor therefore has no interest in the Property, and is not making any rent payments to the Movant. The situation is extremely prejudicial to Movant. Movant is now liable to a private lender for expensive financing, while not receiving income from the Property.

The Debtor has dragged out the foreclosure and eviction process for nine years. While foreclosure was commenced in 2015, the foreclosing lender did not foreclose until December 11, 2018, and the Superior Court for the District of Columbia ("Superior Court") finally ratified the foreclosure sale on April 11, 2019. The Superior Court ratified the accounting of the foreclosure on June 21, 2019. An eviction action was commenced on June 4, 2019, and on October 28, 2019, after a trial, the Superior Court granted the foreclosing lender a Non-Redeemable Judgment for Possession. The foreclosing lender then obtained a Writ of Restitution on January 6, 2020 and scheduled an eviction. However, as a result of the COVID-19 pandemic and the resulting eviction moratorium, the eviction was thereafter stayed. A new writ of restitution was approved on August 8, 2022 but was quashed

---

[1] The Property is more particularly described as follows:

**LOT 35 IN SQUARE 5171 AS PER PLAT RECORDED IN THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA IN LIBER COUNTY 10, AT FOLIO 17.**

2

thereafter for improper service. A second writ of restitution was filed on September 30, 2022.

The Debtor filed her first bankruptcy, under Chapter 13, on November 14, 2022, case no. 22-00215-ELG, staying the eviction. The foreclosing lender filed a motion for relief from stay on December 9, 2022, which the Debtor opposed. After a contested hearing on January 18, 2023, this Court held that the Rooker-Feldman doctrine prohibited relitigation of the foreclosure action, and entered an order granting relief from stay on January 24, 2023. On May 19, 2023, the foreclosing lender filed a new notice that it would be seeking a writ of restitution. The Debtor then filed her second bankruptcy, case no. 23-00158-ELG on June 16, 2023, this time under Chapter 7. This Court entered an order granting relief from stay on October 20, 2023. After lengthy litigation in the District of Columbia Superior Court, an eviction was scheduled for July 15, 2024.

In August 2023, the Movant purchased the Property from the foreclosing lender, using expensive private lending. The Movant seeks to improve and resell the Property. The Debtor continues to reside at the Property with the apparent purpose of living there as long as possible. The Court should grant Movant relief from the stay, and order that no future bankruptcy by the Debtor or any other party shall prevent the Movant from evicting the Debtor or any other occupants from the Property.

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 and 11 U.S.C. § 362

2. Venue is appropriate pursuant to 28 U.S.C. § 1408 & 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

**Background**

4. The Debtor formerly owned the Property by virtue of a deed dated February 26, 2010 and recorded with the District of Columbia Recorder of Deeds as Instrument No. 2010021042. **Exhibit A.**

5. On January 12, 2015, Nationstar Mortgage LLC ("Nationstar"), commenced a judicial foreclosure action with regard to the Property, commencing case no. 2015-CA-000244-R(RP). **Exhibit B.**

6. On November 17, 2017, the Superior Court entered an Order Granting Plaintiff's Motion for Judgment on the Pleadings and Decree for Sale of Real Property, authorizing Nationstar to foreclose. **Exhibit C.**

7. Nationstar foreclosed on the Property on December 11, 2018, and bought the Property itself. A copy of the deed transferring title to Nationstar is attached as **Exhibit D.**

8. On April 11, 2019 the Superior Court entered an order ratifying the foreclosure sale on the Property to Nationstar. **Exhibit E.**

9. Order June 21, 2019, the Superior Court entered an order ratifying the accounting of the foreclosure, authorizing the release of the bond, and closing the foreclosure case. **Exhibit F.**

10. On June 11, 2019, Nationstar filed a verified complaint for possession, commencing case no. 2019 LTB 011768. **Exhibit G.**

11. On October 28, 2019, after a trial, the Superior Court granted the foreclosing lender a Non-Redeemable Judgment for Possession. **Exhibit H.**

12. The foreclosing lender then obtained a Writ of Restitution on January 6, 2020 and scheduled an eviction. **Exhibit I.**

13. However, as a result of the COVID-19 pandemic and the resulting eviction

moratorium, the eviction was thereafter stayed. A new writ of restitution was approved on August 8, 2022 but was quashed thereafter for improper service. A second writ of restitution was filed on September 30, 2022. **Exhibit J.**

14. The Debtor filed her first bankruptcy, under Chapter 13, on November 14, 2022, case no. 22-00215-ELG. The bankruptcy stayed the eviction. The foreclosing lender filed a motion for relief from stay on December 9, 2022, which the Debtor opposed. After a contested evidentiary hearing on January 18, 2023, the Court held that the Rooker-Feldman doctrine prohibited relitigation of the foreclosure action, and entered an order granting relief from stay on January 24, 2023.

15. On May 19, 2023, the foreclosing lender filed a new notice that it would be seeking a writ of restitution. **Exhibit K.**

16. On June 16, 2023 (the "Petition Date"), the Debtor commenced her second bankruptcy case, case no. 23-00158-ELG, by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

17. In August 2023, the Movant purchased the Property from Nationstar. **Exhibit L.**

18. After a contested evidentiary hearing, on October 20, 2023, the Court granted Movant's motion for relief from the automatic stay in the second bankruptcy case. Second Bankruptcy Case, 23-00258-ELG, Docket No. 44.

19. Movant thereafter intervened in the Superior Court litigation. An eviction was scheduled for July 15, 2024. The Debtor filed for chapter 13 bankruptcy on July 12, 2024, commencing this case.

**Movant Is Entitled To Relief from the Automatic Stay under 11 U.S.C. 362(d)(1)**

20. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

21. A creditor is entitled to relief from the automatic stay if there is sufficient "cause" under § 362(d)(1). "Cause is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *In re Merchant,* 256 B.R. 572, 576 (Bankr. D. Pa. 2000). When the Debtor's property has been foreclosed on prior to filing bankruptcy, cause exists to grant relief from the automatic stay to allow eviction. *See In re De Souza*, 135 B.R. 793, 796 (Bankr. D. Md. 1991); *In re Ali*, No. 01-1-8715-DK, 2001 WL 1739144, at *3 (Bankr. D. Md. Aug. 13, 2001).

22. As demonstrated above, Movant's interest in the Property would be irreparably harmed by continuation of the automatic stay. The Movant is currently delayed from entering and renovating the Property, forcing him to service expensive debt with no income. The Debtor is making no payment to Movant, while presumably incurring utility charges. Movant is unable to inspect the Property. As such, there is cause for relief from the automatic stay.

**Cause Exists to Grant Movant Relief
from the Stay under 11 U.S.C. 362(d)(2)**

23. Cause exists under 11 U.S.C. § 362(d)(2) to grant Movant relief from the automatic stay because the Debtor does not have any equity in the Property and the Property is not necessary to an effective reorganization.

24. The Debtor has no equity in the Property because she has no rights to the Property. It has been foreclosed on, and the order ratifying such foreclosure is final. Movant has been granted a non-redeemable judgment for possession.

25. The Supreme Court has expanded on the "necessary to an effective reorganization" requirement of 11 U.S.C. § 362(d)(2) in stating that a debtor must show that "the property is essential for an effective reorganization that is in prospect. This means . . . there must be a reasonable possibility of successful reorganization within a reasonable time." *United Savings Assoc. v. Timbers of Inwood Forest,* 44 U.S. 365 (1988). There is no reasonable possibility of successful reorganization involving the Property. The Property has already been foreclosed. As this Court has already determined, the Debtor has no rights to the Property.

**Cause Exists to Order that No Future Bankruptcy
Shall Stay the Eviction of the Debtor**

26. Section 362(d)(4) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.

U.S.C. § 362(d)(4).

7

27. 11 U.S.C. § 105(a) provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

28. In order to prevent abuse of the Court system, the Court may issue an order creating an equitable servitude preventing any future bankruptcy filing from staying *in rem* action with regard to real property. *In re Yimam*, 214 B.R. 463, 466 (Bankr. D. Md. 1997).

29. Here, the Debtor has abused the Court system by filing multiple requests for continuances and stay, three bankruptcies, filing a frivolous opposition to a motion for relief from stay in the two previous bankruptcies, and by filing bankruptcy after a judgment of possession was entered. The Debtor is believed to have not made any payments since 2014. The Debtor's most recent bankruptcy was filed after this Court has twice patiently explained to the Debtor that it could not undo the foreclosure.

30. Accordingly, the Court should impose an equitable servitude and/or in rem relief under 11 U.S.C. § 362(d)(4) with regard to the Property preventing the filing of any future bankruptcy from staying the eviction of the Debtor or any other occupant of the Property.

**Cause Exists to Waive the Stay of Any Order
Granting this Motion Pursuant to Fed. R. Bankr. Proc. 4001(a)(3)**

31. Any order granting relief from the automatic stay is subject to the 14-day stay of Fed. R. Bankr. Proc. 4001(a)(3), which may be waived for cause. Here, cause exists to waive the 14-day stay of Fed. R. Bankr. Proc. 4001(a)(3) because there is no basis for Debtor to argue she has any interest in the Property. A delay in the eviction process could take

months. The Movant is currently delayed from entering, inspecting and renovating the Property, forcing it to service expensive debt on the Property without income. The Debtor is making no payment to Movant, while presumably incurring utility charges. Movant is unable to inspect the Property. Accordingly, there is cause to waive the 14-day stay of Fed. R. Bankr. Proc. 4001(a)(3).

WHEREFORE, First Hand Land, LLC requests that this Court enter an Order granting it relief from the automatic stay to pursue its state law remedies to evict the Debtor and any other occupants from the Property, waiving any stay applicable under Fed. R. Bankr. Proc 4001(a)(3), and granting an equitable servitude and/or in rem relief under 11 U.S.C. § 362(d)(4), and granting such other and further relief as this Court deems fair and just.

Date: July 15, 2024                    Respectfully submitted,

MCNAMEE HOSEA, P.A.

/s/ Justin P. Fasano
Justin P. Fasano, Fed Bar No. MD21201
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jfasano@mhlawyers.com
*Attorneys for First Hand Land, LLC*

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2024, a copy of the foregoing was served by CM/ECF and/or by first class mail, postage prepaid, to the following:

Danielle Pennington
4908 Quarles St., NE
Washington, DC 20019

Rebecca A. Herr
185 Admiral Cochrane Dr
Ste 240
Annapolis, MD 21401

                                          /s/ Justin P. Fasano
                                          Justin P. Fasano