IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FIRST HAND LAND, LLC**
Movant,

V.

**DANIELLE PENNINGTON**

Debtor

Case No. 24-00250-ELG

FILED
JUN 20 2025
Clerk, U.S. District and
Bankruptcy Courts

## MOTION TO DISMISS AND PERMANENTLY BAR FIRST HAND LAND, LLC, PATRICIA SWEENEY, AND RELATED ENTITIES FROM FUTURE FILINGS

**COMES NOW,** Danielle Pennington, pro se, and moves this Honorable Court to **DISMISS** all filings by First Hand Land, LLC ("FHL"), Patricia Sweeney, and any affiliated entities or persons, and to permanently BAR further filings in this matter, for lack of standing, abuse of process, and fraud on the court. In support thereof, the Debtor submits the following:

---

### I. FRAUDULENT TRANSACTION, VOID TITLE, AND NO STANDING AS LIENHOLDER

The principles in In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011) further support **that a party who cannot demonstrate possession of both a valid note and enforceable security instrument lacks standing to assert claims or participate in bankruptcy proceedings.** Likewise, In *re Wilhelm,* 407 B.R. 392 (*Bankr. D. Idaho 2009*), confirms that the burden is on the claimant to produce admissible, authenticated documentation.

Federal courts have made clear that lacking a chain of title or valid interest is fatal to participation in a bankruptcy action. See In *re Agard, 444 B.R. 231 (*Bankr. E.D.N.Y. 2011) (MERS could not transfer rights it never possessed); In *re Maisel, 378 B.R. 19* (Bankr. D. Mass. 2007) (rejecting assignments where chain of title was broken).



First Hand Land, LLC ("FHL") and Patricia Sweeney executed a transaction that is void ab initio. FHL recorded a **Special/Limited Warranty Deed** in January 2024 that purported to convey Nationstar's interest to FHL. However:

Nationstar had removed itself from all litigation in 2022 and held no enforceable title or security interest to convey;

The deed does not create any **lien, mortgage, or deed of trust and cannot be treated as a secured instrument;**

No lien was recorded in conjunction with the deed, violating Fed. R. Bankr. P. 3001(c)(1) and D.C. Code § 42-801 et seq.

Under *Osinubi v. Jackson,* 202 A.3d 262 (D.C. 2019), a grantee acquires no better title than the grantor. Special warranty deeds only protect against claims arising through the grantor, not all claims.

Furthermore, under D.C. Code § 40-301.01 and § 40-303.08, only a properly registered and licensed business may file and enforce a lien in the District of Columbia. FHL is not:

- Registered in the District of Columbia;
- Licensed as a business or lender; or
- In possession of any valid proof of claim or equity documentation.

**No deed of trust, promissory note, or lien has been recorded.** As a result, FHL has no enforceable security interest or standing to initiate or participate in any proceeding as a creditor.

Moreover, the use of Patricia Sweeney's IRA "Forge Trust CFBO Patricia Sweeney" to fund this transaction constitutes a prohibited and unlicensed hard money lending operation. This violates:

- IRC § 4975 (prohibited transactions);
- D.C. Code § 47-2851.02(a);
- D.C. Mun. Regs. Title 26-C, § 111.

This Court cannot recognize a fraudulent title, nor permit unlicensed parties to assert claims under it. All related filings must be struck and barred.

LBR 9013-1, Fed. R. Bankr. P. 9027(d), and In *re Veal, 450 B.R. 897* (B.A.P. 9th Cir. 2011), bar further proceedings where jurisdiction is closed and no enforceable interest is shown. FHL's motion to strike a federal Quiet Title Order is an impermissible collateral attack on a matter outside this Court's jurisdiction.

**Failure to Attach Key Documents**: By not submitting the alleged **Substitute Trustee's Deed** or the actual quiet title order, Sweeney's complaint lacks the primary evidence needed to support

her claims. Courts expect parties to attach operative documents when seeking relief based on those instruments.

**FHL lacks standing** to pursue any relief in this matter due to an **invalid chain of title, unlicensed business operations, and fraudulent acquisition of interest. The transaction purporting to transfer interest in 4908 Quarles Street NE is invalid:**

- The deed submitted by FHL is **not recorded** in the official land records or accepted into evidence in any valid forum.

- FHL has never held a **valid Basic Business License** in the District of Columbia (See **Exhibit A**, DLCP records).

- FHL is **forfeited** in Maryland (**Exhibit A**, SDAT record), disqualifying it from conducting business or appearing as a creditor.

The purported payment of taxes (**Exhibit G**) is not from a proper IRA source and violates federal IRS and DISB rules governing self-directed IRA lending, including hard money lending limits and licensing.

FHL and Patricia Sweeney violated D.C. Code § 47–2851.02(a), which **prohibits transacting business in the District without proper licensure.** The transfer of the deed violates the federal Self-Directed IRA Prohibited Transaction Rules under 26 U.S.C. § 4975(c), as the transaction involved self-dealing, private inurement, and failure to properly segregate investor and borrower identity. The tax payment made by a personal account confirms the use of non-IRA funds, voiding any claim of exempt financing.

D.C. law further prohibits lending at usurious interest rates without a lending license. See D.C. Code § 26–901 et seq. There is no evidence of any lending or mortgage lending license on file with DISB for Patricia Sweeney or First Hand Land, LLC. Any transfer made in violation of licensing requirements, without recording and without compliance with interest and disclosure requirements under D.C. consumer protection statutes, is presumptively void and unenforceable. See In re *Hollis and Company*, 86 B.R. 152 (Bankr. E.D. Ark. 1988); **Matter of Tipler**, 373 F.2d 849 (5th Cir. 1967).

Additionally, the United States Supreme Court has emphasized in *Steel Co. v. Citizens* for a Better Environment, 523 U.S. 83 (1998), that standing is a threshold jurisdictional requirement and must be established before the court may proceed to the merits. Here, FHL has failed to establish injury, ownership, or legal authority.

## II. JURISDICTIONAL MISCONDUCT AND PENDING APPEAL BARRED BANKRUPTCY RELIEF

Judge Gunn's order granting relief from stay to FHL was entered while this matter was under appeal (See **Exhibit B**, Notice of Appeal filed). Any such action taken while appellate review

was pending exceeds the court's jurisdiction. This constitutes clear error and voids any order entered thereafter.

Pursuant to *Griggs v. Provident* Consumer Discount Co., 459 U.S. 56 (1982), the filing of a notice of appeal confers jurisdiction to the appellate court and divests the lower court of control over those aspects of the case involved in the appeal. As such, Judge Gunn lacked authority to modify or grant relief on matters subject to the pending appellate review.

## III. CONTRADICTORY TESTIMONY AND BAD FAITH REPRESENTATIONS

Multiple inconsistencies and false statements were made under oath by Adetunji Darcy Adefehinti and Patricia Sweeney, including conflicting statements regarding ownership, licensing, and IRA usage. See Exhibit C – transcript excerpts and summary. These contradictions are material and directly undermine the credibility and standing of the movant.

**Falsifying testimony in bankruptcy proceedings constitutes a violation of 18 U.S.C. § 152(2), which prohibits knowingly and fraudulently making a false oath or account.** Additionally, failure to disclose that the property interest was held through a revoked or forfeited trust or LLC misleads the court and further justifies dismissal for abuse of process.

## IV. PRECLUSIVE FEDERAL AND STATE ORDERS STRIKING FHL AS PARTY

This Court is bound by the preclusive effect of prior federal and state rulings:

Judge Walton's June 4 and June 6, 2025 orders **(Exhibit D)**, Denying First Hand Land, LLC and Patricia Sweeney's motion to strike the Quiet Title Order for fraud and ordering its removal from land records.

Judge Rickard's **April 6, 2025** order **(Exhibit E)**, further striking First Hand Land, LLC from being a **party/defendant** in the foreclosure case, after attempting to insert themselves without standing.

These rulings preclude further attempts to relitigate issues already decided. Forum shopping is evident where parties like Sweeney and FHL file different and contradictory pleadings across state and federal forums in an attempt to secure conflicting rulings. For example, while appealing or moving to strike the federal Quiet Title Order in bankruptcy court, Sweeney simultaneously filed a separate Quiet Title Complaint in Superior Court asserting sole ownership, omitting FHL entirely. Such conduct violates well-established principles of judicial estoppel and collateral estoppel, and burdens judicial efficiency.

It is improper to file pleadings in federal court disputing the legitimacy of a Quiet Title Order while affirming it or seeking alternative remedies in state court. This calculated misuse of multiple court systems to pursue inconsistent theories is prohibited. See *New Hampshire v. Maine*, 532 U.S. 742 (2001) (judicial estoppel bars parties from asserting positions inconsistent

with prior proceedings where a court has adopted the earlier position). Courts do not permit litigants to hedge their positions by testing arguments in parallel venues and should bar such abuse.

## V. NEW FILING BY PATRICIA SWEENEY PROVES FHL IS NOT A REAL PARTY IN INTEREST

On June 3, 2025, Patricia Sweeney filed a sworn Quiet Title Complaint (**Exhibit F**), in which she declared herself the sole party in interest, completely omitting FHL. This filing alone extinguishes FHL's standing in all related matters. Sweeney's coordinated conduct, including use of fraudulent lis pendens and service attempts (See **Exhibit F**, photo and notary letter), underscores misuse of judicial process and forum shopping.

Compounding this misconduct, FHL's legal counsel who claims to represent FHL has repeatedly submitted documents and references to pending state court hearings in which he is not counsel of record and his client is not a plaintiff, but rather a named defendant. This includes attaching pleadings from separate state court proceedings where FHL lacks standing, is non-compliant with business licensing requirements, and was already stricken as a party by judicial order. Such conduct creates a misleading appearance of continuity between the actions of Sweeney and FHL, when they are, in fact, acting under distinct and contradictory legal theories in parallel venues.

Submitting proceedings where opposing parties are not legally unified and doing so without proper notice to the court about the inconsistent roles constitutes a material misrepresentation of jurisdictional facts and further evidence of bad faith. The improper injection of state-level filings into this federal bankruptcy case violates the prohibition against collateral attacks and improperly invokes federal jurisdiction to revisit issues that are the subject of independent litigation.

The act of filing a lis pendens without a valid underlying claim constitutes a violation of D.C. Code § 42–1207(h) and may warrant cancellation and sanctions. FHL and Sweeney are using the lis pendens process to cloud title without a lawful interest or judicially recognized lien. Their tactics reveal a coordinated scheme of procedural manipulation designed to frustrate the judicial process, leveraging contradictory positions in multiple forums to gain unlawful advantage.

On June 3, 2025, Patricia Sweeney filed a Quiet Title Complaint (**Exhibit F**), in which she declared herself the sole party in interest, completely omitting FHL. This filing alone extinguishes FHL's standing in all related matters. Sweeney's coordinated conduct, including use of fraudulent lis pendens and service attempts (See **Exhibit F**, photo and notary letter), underscores misuse of judicial process and forum shopping.

## VI. TAX PAYMENT DISCREPANCIES AND FAILURE TO COMPLY WITH IRA REQUIREMENTS

Additionally, Patricia Sweeney failed to provide or use the **valid address for Forge Trust located in South Dakota,** the IRA custodian through which she claims to have funded the transaction. Forge Trust has a registered and regulated custodial business address publicly available through IRS and institutional databases. The absence of this address and the failure to disclose or reference Forge Trust's role further suggests that Sweeney either never obtained formal custodial authorization or intentionally omitted this information to avoid regulatory scrutiny. This lack of transparency violates the documentation and disclosure requirements under 26 U.S.C. § 408(a), and **any transaction relying on an undeclared or fictitious custodial process is void under both federal tax and consumer lending standards.**

On January 25, 2025, tax payment was made from a Credit Union from an individual's account not a qualified IRA custodian **(Exhibit G).** This raises serious federal violations regarding prohibited transactions, IRS regulations, and misuse of exemptions under D.C. homestead rules. Furthermore, Adetunji Darcy Adefehinti has improperly claimed the Maryland Homestead Property Tax Credit on **14400 Sandy Ridge Lane** under the name of the Adefehinti Revocable Trust. This is unlawful under Md. Code, Tax-Property § 9-105, which limits the credit to natural persons occupying the property as their principal residence. The trust is not an individual and has not been properly recorded to establish a present possessory interest for the occupant. Further, First Hand Land, LLC a forfeited Maryland entity is not eligible to benefit from the homestead credit under any interpretation. This misrepresentation constitutes a tax violation and further supports the broader pattern of fraudulent use of entity structures to evade tax and title law.

No valid deed has been recorded showing Adetunji Darcy Adefehinti individually owns the property. The use of a revocable trust or business-linked entity to claim this deduction is impermissible and constitutes tax fraud. This fraudulent homestead claim further supports the pattern of improper use of trusts and forfeited entities to evade tax and title law

Under 26 U.S.C. § 408(e)(2), an IRA loses its tax-exempt status if it engages in any prohibited transaction, including direct use of IRA funds to benefit a disqualified person such as the owner. The IRS has repeatedly warned that improper use of self-directed IRAs for real estate acquisitions without proper documentation, title registration, or custodial oversight constitutes taxable events and voids exemption status.

Moreover, Adetunji Darcy Adefehintit he owner of First Hand Land, LLC and the individual linked to the Adefehinti Revocable Trust Works at Penfed Federal Credit Union as a Lead Digital Forensics Engineer III. His involvement raises further red flags, as the tax payment originated from PenFed and not a neutral IRA custodian. This not only indicates misuse of institutional accounts for personal or affiliated gain but further supports the theory that insider access and knowledge may have been used to facilitate improper and potentially unlawful real estate transactions in violation of both financial institution ethics and federal tax law. This conflict of interest warrants serious scrutiny. It also raises substantial concerns under federal banking oversight rules. As a federally chartered credit union regulated by the National Credit Union Administration (NCUA), PenFed is subject to strict compliance with the Federal Credit Union Act (12 U.S.C. § 1751 et seq.) and anti-fraud protocols under the Bank Secrecy Act (31 U.S.C. § 5311 et seq.). Unauthorized use of institutional channels or privileged access to facilitate personal real estate deals or clouded title schemes involving revocable trusts and forfeited LLCs may constitute a violation of both federal law and institutional ethics rules under NCUA

guidance. Any real estate-related transaction that draws from federally insured accounts without proper documentation or authorization must be reviewed for compliance with financial abuse prevention statutes, including anti-money laundering (AML) obligations under 12 C.F.R. Part 748.

## VII. SWEENY'S HISTORY OF FRAUD AND FORGERY IN MARYLAND CONFIRMS ONGOING PATTERN

In *Akinkoye v. Sweeney*, the Maryland Court of Special Appeals identified triable issues concerning Patricia Sweeney's alleged forgery and improper use of IRA instruments (*Exhibit H*). That pattern continues here, where she and FHL repeatedly exploit inconsistent filings, misrepresentations, and void titles to circumvent jurisdiction and defraud the court.

Of critical importance is Sweeney's continued relationship and transactional history with **Sunday Yemi Adefehinti, the father of Adetunji Darcy Adefehinti.** The last deed recorded by these parties was in **2022** and, like those challenged here, was processed through an IRA/Trust account. This is critical because it reveals a **multi-generational pattern of coordinated real estate manipulation through forged or incomplete instruments, all tied to unlicensed IRA-backed deals.** Sunday Yemi Adefehinti whose name appears on multiple questionable instruments was previously **convicted in federal court for engaging in real estate fraud involving the same tactics now deployed by his son and Sweeney.** His conviction involved orchestrating schemes using **forged deeds, fraudulent notarial acknowledgments, misuse of self-directed IRA funds, and the exploitation of revocable trusts and forfeited LLCs to unlawfully acquire and cloud title to residential properties.** He used false filings and shell entities to circumvent title regulations, many of which mirror the transactions now carried out by **Adetunji Darcy Adefehinti and Patricia Sweeney under First Hand Land, LLC and other affiliated vehicles.** This linkage is not coincidental but demonstrative of a calculated continuation of a known scheme with a documented history of abuse and prior judicial findings.

The 2022 transaction served as a blueprint for the current scheme and relied on identical mechanisms: self-directed IRA funds processed without proper custodial oversight, false affidavits of ownership, and entities with no legal standing filing claims and liens in multiple jurisdictions. This record forms part of a broader pattern of self-dealing transactions, often involving recycled trusts, forfeited entities, and unlicensed actors attempting to assert false claims to property.

The recurrence of these dealings across multiple years, family relationships, and instruments bearing the same structural defects confirms a knowing and deliberate scheme. These transactions are not isolated; they reflect a coordinated practice designed to bypass judicial scrutiny, cloud title, and weaponize the lis pendens process.

This conduct, when taken as a whole, establishes a scheme to mislead courts, abuse the lis pendens and quiet title process, and evade regulatory oversight. Courts have inherent authority to sanction parties who commit fraud upon the court and may bar repeated vexatious filings. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

## VIII. ABUSE OF BANKRUPTCY JURISDICTION, COLLATERAL ATTACKS, AND RES JUDICATA BAR

Under In re *Veal*, **450 B.R. 897** (B.A.P. 9th Cir. 2011), only parties with a valid and enforceable claim demonstrated by documentary evidence may participate in a bankruptcy case. Without a filed claim, FHL lacks standing to assert any position, object to confirmation, or seek any relief. See also In re *Conde-Dedonato, 391 B.R. 247* (Bankr. E.D.N.Y. 2008); In re *Gullatt, 169 B.R. 385* (Bankr. M.D. Tenn. 1994).

The U.S. Supreme Court has repeatedly emphasized that collateral attacks on final federal judgments are barred under principles of res judicata. See *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995); *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371 (1940); *Travelers Indem. Co. v. Bailey,* 557 U.S. 137 (2009). This doctrine prevents a party from re-litigating claims or defenses already resolved in a final judgment. The Quiet Title Judgment entered in federal court is binding and not subject to review through this bankruptcy proceeding.

Further, the Rooker-Feldman doctrine bars lower federal courts from reviewing final state court judgments. See In re *Padilla, 222 F.3d 1184, 1190* (9th Cir. 2000); Matter of **Davis, 878 F.2d 211** (7th Cir. 1989); In re *McDonald, 489 U.S. 180, 184* (1989); *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Any relief sought here by FHL or Patricia Sweeney that would interfere with final orders issued by the D.C. Superior Court, the D.C. Court of Appeals, or the U.S. District Court is impermissible.

FHL's conduct, when combined with the repeated and coordinated filings across state and federal courts, mirrors a racketeering-style scheme without invoking the formal label. These coordinated acts of fraudulent deeds, misuse of lis pendens, judicial manipulation, identity concealment, unauthorized legal practice, and improper real estate financing form a recognizable pattern of abuse that undermines the integrity of the court system.

Courts have inherent authority to bar vexatious litigants and sanction fraudulent conduct. See In re *Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996); In re *Howe, 913 F.2d 1138* (5th Cir. 1990); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985).

## IX. QUIET TITLE FILINGS CONFIRM LACK OF INTEREST, ENTITY FRAUD, AND JUDICIAL ADMISSIONS

Patricia Sweeney's June 3, 2025 Quiet Title Complaint (**Exhibit F**) includes several judicial admissions that directly confirm First Hand Land, LLC ("FHL") has no enforceable interest in 4908 Quarles Street NE. Most notably, the complaint **omits** any reference to FHL as a party in interest, lienholder, or transferee, despite prior filings by FHL claiming ownership. Sweeney's deliberate exclusion of FHL confirms that it lacks standing or valid title to the property.

Further, the complaint names only Sweeney, acting in her individual capacity and through a **Trust,"** yet fails to attach or reference any formal trust documents or filings with the D.C.

Recorder of Deeds or DLCP. No trust registration exists, and no corporate filings support the trust's existence or authority under D.C. Code § 29–105.02 or D.C. Code § 42–1207. This omission is significant given that multiple aliases"Patricia Lee Sweeney," "Patricia M. Sweeney," and others have been used interchangeably, compounding confusion and evidencing intent to obscure ownership.

The Quiet Title Complaint also fails to explain any relationship between Sweeney and FHL, or how any alleged interest was transferred between the two. If FHL was ever a bona fide purchaser or assignee, it would be named. Its absence constitutes a judicial waiver of interest, and further supports striking all subsequent claims made on FHL's behalf.

The entities referencedFHL, the Sweeney Trusts, and the Adefehinti Revocable Trust are not properly registered, lack standing, and function in violation of multiple business and tax statutes. Their simultaneous invocation across court filings in differing roles (plaintiff vs. defendant) demonstrates deliberate forum manipulation. These quiet title pleadings conclusively show there is no good-faith dispute, no valid lien, and no legitimate corporate interest held by FHL.

These admissions form part of a broader effort to manipulate court jurisdiction, stall enforcement of federal orders, and shield defective entity status through fraudulent structuring. They provide independent grounds to strike all claims and dismiss all filings asserted under any of these names or instruments.

## PRAYER FOR RELIEF

1. **WHEREFORE**, Debtor respectfully requests that this Court:

2. **DISMISS** all claims and filings by First Hand Land, LLC and Patricia Sweeney;

3. **DECLARE** that First Hand Land, LLC lacks standing in this matter;

4. **PERMANENTLY BAR** First Hand Land, LLC, Patricia Sweeney, and affiliated entities from filing further pleadings or claims related to 4908 Quarles Street NE;

5. **STRIKE** any recorded lis pendens related to this case;

6. **ISSUE** such other and further relief as justice requires.

Respectfully submitted,

/s/ Danielle Pennington
202-247-0611
Danielle Pennington, Pro Se
4908 Quarles ST NE, Washington, Dc 20019

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2025, a true and correct copy of the foregoing Motion to Dismiss and Permanently Bar First Hand Land, LLC, Patricia Sweeney, and Related Entities from Future Filings was served via CM/ECF and electronic mail upon the following:

Justin P. Fasano, Fed Bar No. MD21201
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jfasano@mhlawyers.com
Attorneys for First Hand Land, LLC